UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-cr-00020-JAW |
| | ) | |
| PATRICIA SMITH | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Seeking to take advantage of the so-called Fast Track program, an incarcerated Canadian citizen moves pro se to reduce her sentence on the promise that she would accept immediate deportation to Canada. The Court denies her motion because she is not eligible for a Fast Track reduction of her sentence and because the Court does not have the authority to impose a Guideline reduction to a final sentencing judgment.

**I. BACKGROUND**

**A. The Crime, the Plea, and the Punishment**

On February 9, 2012, a Canadian citizen, Patricia Smith, with her American boyfriend, Caleb Jewett, approached the Bridgewater Maine Port of Entry from Canada in her motor vehicle. *Prosecution Version* at 1 (ECF No. 51). Ms. Smith was driving. *Id.* A canine alerted to the presence of drugs inside her vehicle and a subsequent search revealed approximately 786 methamphetamine tablets wrapped in duct tape concealed inside the rear doors of the vehicle. *Id.* Although Ms. Smith did not place the pills inside the rear doors—that was her boyfriend's job—she knew the pills were hidden inside the vehicle as she crossed the border. *Id.* She and Mr.

Jewett were arrested and charged with the importation of fifty grams or more or methamphetamine, a violation of 21 U.S.C. § 952(a) (2012). *Indictment* (ECF No. 18). Mr. Jewett pleaded guilty on May 29, 2012 and Ms. Smith followed suit on June 20, 2012. *Minute Entry* (ECF No. 50); *Minute Entry* (ECF No. 54). On December 21, 2012, the Court sentenced Ms. Smith to twenty-eight months incarceration, two years supervised release, no fine, and a special assessment of $100.00. *J.* (ECF No. 79) (*Smith J.*), and on January 7, 2013, the Court imposed a nearly identical sentence on Mr. Jewett.[1]  *J.* (ECF No. 85). Neither Defendant appealed.

### B. Patricia's Smith's Motion

On July 22, 2013, Ms. Smith, acting pro se, moved for a four-level reduction under United States Sentencing Guideline § 5K3.1, the so-called "fast track" provision. *Def.'s Mot. to Reduce Sentence* (ECF No. 93). Ms. Smith explains that she is an alien and that she "was not considered for the Fast Track U.S.S.G. [§] 5K3.1, at the time of sentencing." *Id.* at 1. She asserts that this "reduction allows an alien to take the reduction, if they agree to immediate deportation, upon completion of their sentence." *Id.* She states that she "would like to take advantage of this program reduction, and will accept immediate deportation upon completion of [her] sentence." *Id.*

---

[1] The Court imposed four years of supervised release on Mr. Jewett and two on Ms. Smith. The difference was based solely on the likelihood that Ms. Smith would be deported upon the completion of her sentence. *Smith J.* at 2; *see* U.S.S.G. § 5D1.1(c).

2

### C. The Government's Response

The Government objects. *Objection to Def.'s Mot. for Downward Departure Pursuant to U.S.S.G. § 5K3.1* (ECF No. 94) (*Gov't's Opp'n*). The Government maintains: (1) the Court does not have the authority to reduce a sentence on this ground; (2) U.S.S.G. § 5K3.1 requires a Government motion and the Government has not and will not move for a § 5K3.1 reduction; (3) U.S.S.G. § 5K3.1 does not confer a right upon a defendant; and (4) U.S.S.G. § 5K3.1 does not authorize a Fast Track reduction in drug importation cases. *Id.* at 1-2.

## II. DISCUSSION

The Court denies Ms. Smith's motion. First, U.S.S.G. § 5K3.1 is probably not available to District of Maine defendants who—like Ms. Smith—have been found guilty of illegal drug importation:

> The early disposition - - or Fast Track - - program, which was adopted nationally as of March 2012, is available only to defendants who have been charged solely with illegal reentry under 8 U.S.C. § 1326.

*United States v. An Soon Kim*, No. 11 Cr. 0074 (DLC), 2013 U.S. Dist. LEXIS 81335, at *6 (S.D.N.Y. June 10, 2013) (addressing the Fast Track Program in the Southern District of New York).[2]

---

[2] The Court confesses some uncertainty as to whether the Fast Track program is available in the District of Maine to a defendant convicted of a drug offense. In its opposition, the Government states: "Fast track disposition is only authorized in cases where a defendant is charged 'solely with a violation of 8 U.S.C. § 1326' (illegal re-entry after deportation)." *Gov't's Opp'n* at 2. Despite the quoted language, the Government cites no authority for its assertion.

The so-called Ashcroft Memo on the Fast Track program of September 22, 2003 discussed the need for U.S. Attorneys to obtain approval for "a particular class of offenses" for Fast Track treatment and charges the U.S. Attorneys with identifying the "specific category of violations to be covered by the fast-track program." *John Ashcroft Memorandum*, *Department Principles for Implementing an Expedited Disposition or "Fast-Track" Prosecution Program in a District* at 2-3 (Sept. 22, 2003), *reprinted in* 16 Fed. Sent. R. 134 (Dec. 2003). In *An Soon Kim*, the District Court in

Second, § 5K3.1 by its own terms does not apply to Ms. Smith because only the Government may move for a reduction under § 5K3.1:

> *Upon motion of the Government*, the court may depart downward not more than **4** levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

U.S.S.G. § 5K3.1 (emphasis supplied). The Government has not made such a motion and, according to its memorandum, "does not plan" to do so. *Gov't's Opp'n* at 2. By its express language, a § 5K3.1 reduction requires the consent of the Government; a defendant may not trigger it unilaterally.

Third, the Court sentenced Ms. Smith on December 21, 2012. *Smith J.* After a sentence is imposed, the "law severely constrains the ability of the sentencing court to reduce a sentence and the grounds upon which it may do so." *United States*

---

the Southern District of New York cited a memorandum from the U.S. Attorney in the Southern District dated March 5, 2012 for the proposition that Fast Track programs are available only for illegal re-entry. *An Soon Kim*, 2013 U.S. Dist. LEXIS 81335, at *6 (citing United States Att'y's Office, Southern District of N.Y., Fast-Track Policy for Felony Illegal Reentry Offenses (March 5, 2012)). But the Court doubts that the Southern District of New York's policy applies to cases prosecuted by the U.S. Attorney in the District of Maine.

By contrast, in *United States v. Lopez*, 650 F.3d 952 (3d Cir. 2011), citing a December 28, 2009 memo from David W. Ogden, Deputy Attorney General, the Third Circuit stated that "Fast-track programs have been implemented for a variety of classes of cases, including illegal entry, transportation or harboring of aliens, alien smuggling, *drug offenses*, aggravated identity theft, and identification document fraud." *Id.* at 956 n.3 (emphasis supplied). It may be that in some Districts some drug offenses are eligible for Fast Track treatment.

As the other requirements of Fast Track disposition were not met in this case and the Defendant's motion is too late, the Court does not resolve this issue for the District of Maine.

Furthermore, if Fast Track is available in the District of Maine to a defendant convicted of an illegal importation offense (which is doubtful), another unanswered question is whether the U.S. Attorney for the District of Maine has established preconditions for a § 5K3.1 motion. In the Southern District of New York, for example, the defendant seeking Fast-Track treatment must meet certain requirements, including entering into a written plea agreement within thirty days of presentment or arraignment, agreeing to waive the right to appeal and to collaterally attack her conviction pursuant to 28 U.S.C. § 2255 and/or § 2241, and agreeing not to seek a sentence modification pursuant to 18 U.S.C. § 3582(c). *An Soon Kim*, 2013 U.S. Dist. LEXIS 81335, at *6-7. In this case, the Government did not put the policy of the U.S. Attorney for the District of Maine, if any, before the Court. Consequently the Court is unable to determine whether there are any such preconditions in the District of Maine and, if so, whether Ms. Smith met any of them.

*v. Leland*, 584 F. Supp. 2d 237, 239 (D. Me. 2008). No provision of the criminal rules allows for a defendant, more than six months after sentencing and without any extraordinary circumstances, to move the Court to modify her sentence. *Id.*; *see also United States v. Larsen*, No. 05-CR-00062-JAW, 2013 WL 448761 (D. Me. Feb. 6, 2013) (enumerating the available exceptions).[3]

The Court sympathizes with Ms. Smith's desire to return to Canada and, in fact, at the sentencing, the Court recommended she be considered for the Inmate Exchange Program. Under the Inmate Exchange Program, Ms. Smith may be allowed to return to Canada and serve a portion of her sentence before the full expiration of her sentence in the United States. *J.* at 2. At the same time, Ms. Smith pleaded guilty to a serious crime—attempting to import a significant amount of methamphetamine into the United States from Canada—and her co-defendant and boyfriend Caleb Jewett is now serving a twenty-eight month sentence in federal prison without the possibility of Inmate Exchange. The Court determined that Ms. Smith and Mr. Jewett were equally culpable in the commission of this crime, and imposed nearly the same sentence on both of them. To allow Ms. Smith to serve a shorter term of incarceration because she is Canadian would have the obverse impact of imposing a longer one against Mr. Jewett because he is American. Even if the Court had the authority to reach the merits of Ms. Smith's motion and reduce her sentence below that of Mr. Jewett, it would not do so.

---

[3] A habeas corpus petition under 28 U.S.C. § 2255 (2012) is a possibility, but the Court will not re-draft and re-characterize Ms. Smith's motion.

5

## III. CONCLUSION

The Court DENIES Patricia Smith's Motion to Reduce Sentence (ECF No. 93).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 4th day of September, 2013